# BUNCH *v.* UNITED STATES TO THE USE OF KEP-PLER ET AL.

JUDGMENT; JOINT DEBTORS; RELEASE; STATUTES.

1. Satisfaction, as a result of a compromise, as to one of several judgment debtors, of a judgment against the sureties on a guardian's bond,

will not release the other judgment debtors, where the rule that the release of one surety releases all was changed by Code provision after the bond was given, but before the compromise was effected and the judgment entered.    (Construing secs. 1210 and 1494–1497, Code, D. C. [31 Stat. at L. 1380, 1414, 1415, chap. 854] and citing *White* v. *Connecticut General L. Ins. Co.* 34 App. D. C. 460.)

2. A bond upon which judgment has been rendered becomes merged in the judgment, and any remedy available is on the judgment, and not on the bond.

No. 2479.  Submitted February 5, 1913.  Decided March 6, 1913.

HEARING on an appeal by the defendants from a judgment of fiat on a scire facias after direction of a verdict on issues joined.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment of fiat on a writ of scire facias.

On November 7, 1892, one William G. Lown (guardian of the estates of Bertha V. Lown, now Keppler, Jessie W. Lown, and May Lown), Raphael C. Gwynn, William H. Baum, Naxareth Bunch, and Harry M. Schneider executed a bond in the sum of $35,000 conditioned for the faithful performance of the trusts of said Lown.  On September 11, 1901, an action was commenced in the supreme court of the District upon said bond, and on May 11, 1903, judgment was entered against Baum, Bunch, and Schneider, summons against the others having been returned "not to be found."  Immediately thereafter a compromise was effected with Baum, and the judgment as to him was entered "satisfied."  Bunch died after the rendition of judgment, leaving real estate.  On April 7, 1910, a writ of scire facias to revive said judgment was issued, Schneider and the appellants being the defendants.  This writ recites the release of Baum.  Issue was joined and judgment rendered upon a directed verdict for the sum of the original judgment less a credit of $12,818,41, as of May 11, 1903, the date of the release of Baum.  Schneider is not a party to this appeal.

*Mr. John Ridout* for the appellants.

*Mr. Hugh Obear, Mr. Charles Colden Miller, Mr. Charles A. Douglas, Mr. Gibbs L. Baker,* and *Mr. Thomas Ruffin* for the appellees.

Mr. Justice Robb delivered the opinion of the Court:

The point first urged—namely, that the judgment of fiat could not be entered upon a scire facias from which Baum, an original judgment debtor, was omitted—is merged in the second and real point in the case, for Baum was not an existing debtor when the writ of scire facias was sued out, and hence not a proper party to that proceeding. The real question before us, therefore, is whether Baum's release by operation of law released the other judgment debtors.

Sec. 1210 of the Code (31 Stat. at L. 1380, chap. 854), in force at that time, authorized any one of several joint debtors to make a separate composition or compromise with a creditor, subject to the provisions of the Code relating to partners. Secs. 1494–1497 (31 Stat. at L. 1414, 1415, chap. 854), relating to such compromises by one of several partners where a partnership is dissolved, permits the release of such partner by the creditor without impairing the right of the creditor to proceed against such members of the partnership as have not been discharged. It is provided that the members of the partnership who have not been discharged may set off any demand against the creditor which could have been set off had the suit been brought against all the partners, and the discharge of one partner, it is further provided, "shall be deemed a payment to the creditor equal to the proportionate interest of the partner discharged in the partnership concern." And such a compromise by one partner, it is declared, shall in no wise affect the right of the other partners to call on the member making the compromise for his ratable proportion of any partnership debt which they may be called upon to pay. It is not denied by appellant that the effect of these provisions of the Code would be to per-

mit a compromise such as was effected with one of the several joint judgment debtors in this case, providing the obligation upon which the judgment was rendered was dated subsequent to their enactment; but it is contended that when Bunch became one of the sureties on the bond, he then became vested with the substantive right to say that the release of one surety released all. This contention we do not think well founded. Prior to the enactment of these provisions of the Code, that is, when the bond was signed, each of the obligors was liable thereunder for the full penalty of the bond, and the rule of the common law which is here invoked by appellants was to preserve the right of contribution in the several judgment debtors, and, since that right is preserved by the Code, no constitutional right of appellants has been invaded. The test in such cases always is whether the effect of such legislation will be to increase the responsibility of joint obligors. If it does not, then, as was said by Mr. Justice Van Orsdel in *White* v. *Connecticut General L. Ins. Co.* 34 App. D. C. 460, it is a "mere regulation of the procedure of the courts." In *Munn* v. *Illinois,* 94 U. S. 113, 134, 24 L. ed. 77, 87, it is said: "A person has no property, no vested interest, in any rule of the common law. That is only one of the forms of municipal law, and is no more sacred than any other. Rights of property which have been created by the common law cannot be taken away without due process; but the law itself, as a rule of conduct, may be changed at the will * * * of the legislature, unless prevented by constitutional limitations."

Moreover, the original judgment of May 11, 1903, which was subsequent to the enactment of the District Code, was a satisfaction and extinguishment of the bond. That instrument, then, did not exist "as a security, being superseded, merged, and extinguished in the judgment, which is a security of a higher nature." There was no longer a remedy, either at law or in equity, on the bond, but one on the judgment. *United States* v. *Price,* 9 How. 83, 93, 13 L. ed. 56, 60.

Judgment affirmed, with costs. *Affirmed.*